Gregory L. Scott
6 S. 2nd Street, Suite 1118
Yakima, WA 98901
(509) 574-0991
gregory@scottlaw.net

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 18, 2025

SEAN F. McAVOY, CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
(Honorable Stanley A. Bastian)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:24-CR-2007-SAB-1 |
| Plaintiff, | STATEMENT OF DEFENDANT ON PLEA OF GUILTY |
| vs. | |
| JESUS ELEAZAR BIRRUETA MENDOZA, | |
| Defendant | |

COMES NOW, Mr. Birrueta Mendoza, Defendant herein, by and through his Attorney of Record, Gregory L. Scott, and hereby submits this Statement of Defendant on Plea of Guilty:

1.    Guilty Plea and Maximum Statutory Penalties:

Defendant, Jesus Eleazar Birrueta Mendoza, hereby enters a plea of guilty to Count 1 of the Indictment filed on February 13, 2024, charging Mr. Birrueta Mendoza with knowingly and intentionally possessing with intent to deliver 50 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), on or about January 18, 2024, a Class A Felony.

STATEMENT OF DEFENDANT ON PLEA OF GUILTY - 1

Mr. Birrueta Mendoza understands that the following potential penalties apply:

    a.  A term of imprisonment of not less than ten (10) years and up to life;

    b.  A fine of not more than $10,000,000.00;

    c.  A term of not less than five (5) years of supervised release;

    d.  Denial of Federal Benefits;

    e.  A $100.00 special penalty assessment;

    f.  Potential Immigration Consequences if the defendant is not a United States Citizen.

2.    <u>Supervised Release:</u>

Mr. Birrueta Mendoza understands that he will be sentenced to a period of not less than five (5) years of supervised release after his release from prison. Mr. Birrueta Mendoza further understands that if he violates any condition of his supervised release, the Court may revoke his term of supervised release and require Mr. Birrueta Mendoza to serve in prison all or part of the term of supervised release authorized by statute without credit for the time previously served on post-release supervision, up to the following terms:

    a.  Five (5) years in prison if the offense that resulted in such term of Supervised Release is a class A felony,

    b.  Three (3) years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

    c.  Two (2) years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

STATEMENT OF DEFENDANT ON PLEA OF GUILTY - 2

Accordingly, Mr. Birrueta Mendoza understands that if he commits one or more violations of supervised release, he could serve a total term of incarceration greater than the maximum sentence authorized by statute for his offense or offenses of conviction.

3. <u>The Court is Not a Party to this Agreement:</u>

The Court is not a party to this agreement and may accept or reject it. Mr. Birrueta Mendoza acknowledges that no promises of any type have been made to him with respect to the sentence the Court will impose in this matter.

Mr. Birrueta Mendoza understands the following:

    a.  sentencing is a matter solely within the discretion of the Court;

    b.  the Court is under no obligation to accept any recommendations made by the government or the Defendant;

    c.  the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

    d.  the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalty of life in prison;

    e.  the Court may not exercise its discretion to impose a sentence below the applicable statutory minimum sentence of ten years;

    f.  the Court is required to consider the applicable guideline range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

    g.  the Court may reject recommendations made by the United States or the Defendant and that will not be a basis for Mr. Birrueta Mendoza to withdraw his guilty plea.

4.    Potential Immigration Consequences of Guilty Plea

If Mr. Birrueta Mendoza is not a citizen of the United States, he understands the following:

    a.  Pleading guilty in this case may have immigration consequences;

    b.  A broad range of federal crimes may result in a Defendant's removal from the United States, including the offense to which Mr. Birrueta Mendoza is pleading guilty;

    c.  Removal from the United States and other immigration consequences are the subject of separate proceedings; and

    d.  No one, including Mr. Birrueta Mendoza's lawyer or the Court, can predict with absolute certainty the effect of a federal conviction on a Defendant's immigration status.

Mr. Birrueta Mendoza affirms that he is knowingly, intelligently, and voluntarily pleading guilty in this case, regardless of any immigration consequences that may result as a consequence of this plea.

5.    Waiver of Constitutional Rights

Mr. Birrueta Mendoza understands that by entering this guilty plea, he is knowingly and voluntarily waiving certain constitutional rights, including the following;

    a.  The right to a jury trial;

    b.  The right to see, hear and question the witnesses;

    c.  The right to remain silent at trial;

    d.  The right to testify at trial; and

    e.  The right to compel witnesses to testify.

While Mr. Birrueta Mendoza is wiaving certain constitutional rights, he understands that he retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct

STATEMENT OF DEFENDANT ON PLEA OF GUILTY - 4

appeal of his conviction and sentence, and that an attorney will be appointed at no cost if Mr. Birrueta Mendoza cannot afford to hire an attorney.

Mr. Birrueta Mendoza understands and agrees that any defense motions currently pending before the Court are mooted by this plea.

6.  Elements of the Offense:

The United States and Mr. Birrueta Mendoza agree that in order to convict him of Possession with Intent to Distribute 50 Grams or More of Actual (Pure) methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) the United States would have to prove the following beyond a reasonable doubt:

    a.  First, on or about January 18, 2024, within the Eastern District of Washington, Mr. Birrueta Mendoza knowingly possessed 50 grams or more of actual (pure) methamphetamine; and

    b.  Second, Mr. Birrueta Mendoza possessed it with the intent to distribute it to another person.

7.  Factual Basis for the Plea:

The Court has asked me to state in my own words what I did that makes me guilty of this crime. This is my statement: On or about January 18, 2024, within the Eastern District of Washington, I knowingly possessed more than 50 grams of actual methamphetamines with the intent to deliver that to another person.

8.  Retention of Protections Under the Law:

The Government is hereby placed on notice that Mr. Birrueta Mendoza retains all rights and protections he has under the laws of the United States, including but not limited to Federal Rules of Evidence 410 and 801(d)(2)(A) and 28 U.S.C. § 2255.

STATEMENT OF DEFENDANT ON PLEA OF GUILTY - 5

9.    <u>United States Sentencing Guidelines Calculations:</u>

Mr. Birrueta Mendoza understands and acknowledges that the United States Sentencing Guidelines apply and are advisory and that the Court will determine the applicable guideline range at the time of sentencing.

10.    <u>Denial of Federal Benefits:</u>

Mr. Birrueta Mendoza understands that by entering this plea of guilty, Defendant is no longer eligible for assistance under any state program funded under part A of Title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Defendant also understands that the Court may deny Defendant's eligibility for any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

11.    <u>Supervised Release:</u>

Mr. Birrueta Mendoza understands that the Court will place him on a term of supervised release of not less than five (5) years.

12.    <u>Mandatory Special Penalty Assessment:</u>

Mr. Birrueta Mendoza understands that the Court will impose a $100 mandatory special penalty assessment payable to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013. Mr. Birrueta Mendoza further understands that he will be able to earn money toward this and other financial obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

13.    Acknowledgments:

I, Jesus Eleazar Birrueta Mendoza, hereby acknowledge that I have had each of the above paragraphs read to me in the Spanish Language, I understand them all and have carefully reviewed and discussed every part of this Statement on Plea of Guilty. I enter into this Plea of Guilty knowingly, intelligently and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me to cause me to enter this Plea. No one has threatened or forced me in any way to enter this guilty plea. I agree to plead guilty because I am guilty.

DATED this ___18th___ day of February 2025.


_____
Jesus Eleazar Birrueta Mendoza


I, Cristina Perez-Lopez, Certified Interpreter in the Spanish Language, hereby attest that on the 12th day of February 2025, I have interpreted the above document to Jesus Eleazar Birrueta Mendoza, in the Spanish Language. I have not provided any legal advice to Mr. Birrueta Mendoza and any questions that he has had, I have referred to the Attorney.


_____
Cristina Perez-Lopez


STATEMENT OF DEFENDANT ON PLEA OF GUILTY - 7

I, Gregory L. Scott, have discussed the contents of the above Statement on Plea of Guilty with Mr. Birrueta Mendoza. I believe that he understands its terms and believe that he is competent to enter this Plea of Guilty to this charge. I know of no legal reason why the Court should not accept Mr. Birrueta Mendoza's guilty plea.

_____          18  FEB 2025
Gregory L. Scott                                    Date

STATEMENT OF DEFENDANT ON PLEA OF GUILTY - 8