Stephanie Van Marter
Acting United States Attorney
Eastern District of Washington
Michael D. Murphy
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:24-CR-02007-SAB-1 |
| Plaintiff, | PLAINTIFF'S SENTENCING |
| vs. | MEMORANDUM |
| JESUS ELEAZAR BIRRUETA MENDOZA, | |
| Defendant. | |

The United States of America, by and through Stephanie Van Marter, Acting United States Attorney for the Eastern District of Washington, and Michael D. Murphy, Assistant United States Attorney, submits the following Sentencing Memorandum.

On February 18, 2025, without benefit of a plea agreement, Defendant pleaded guilty to the one count charged in the Indictment. ECF 70, 71. He therefore

GOV'T SENT. MEMO.                     1

appears before the Court for sentencing on Possession with Intent to Distribute 50 Grams or More of Actual (Pure) Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).

## I.    BASE OFFENSE LEVEL AND ENHANCEMENTS

The draft PSIR provides for a total offense level of 33, criminal history category of I, with a guideline range of incarceration of 135-168 months to be followed by 5 years of supervised release. Draft PSIR, ECF 76, ¶ 90. Defendant's base offense level is 38. ECF 76, ¶ 23. Apart from a three-level reduction of acceptance of responsibility and a two-level reduction for being a zero-point offender, no enhancements or adjustments apply to his offense level. *Id.* at ¶¶ 29-31.

## II.    DEPARTURES AND OBJECTIONS

The United States does not have any objections to the draft PSIR. The Guidelines are the starting point and the initial benchmark for the sentencing process. *Kimbrough v. United States*, 128 S. Ct. 558 (2007). The Court "take[s] into account the totality of the circumstances" to determine whether a sentence is reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). Further, upon appellate review, "the scheme of downward and upward 'departures' [is] essentially replaced by the requirement that judges impose a 'reasonable' sentence." *United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011). The United States does not request a departure from the guideline sentence but suggests a downward variance of fifteen months.

### III.  SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

On January 11, 2024 Defendant provided a confidential informant with a sample of methamphetamine to prove the quality and availability of 50 pounds of the drug which he asserted to have available for sale. ECF 76, ¶ 12.  After a sale of the 50 pounds of methamphetamine for a price of $60,000 was arranged, he arrived at a meeting location on January 18, 2024 with what proved to be 25 pounds of methamphetamine. *Id.* at ¶¶ 14-17.  At the time of his arrest, he claimed to be unaware that he was delivering methamphetamine but has since accepted responsibility for knowingly delivering the drug. *Id.* at ¶ 15, ECF 71. Although he is not a citizen of the United States and has been deported on multiple occasions, Defendant has minimal criminal history. ECF 76, ¶¶ 37, 42-51.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

As noted, Defendant has accepted responsibility for his actions. A Guideline or near Guideline sentence would reflect the seriousness of the offense. A 120-month sentence of incarceration will provide just punishment and should promote respect for the law.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

In the instant case, Defendant possessed and was prepared to distribute a very large quantity of methamphetamine. However, given his lack of criminal history, a sentence of 120 months incarceration should afford adequate deterrence to further criminal conduct. While criminal fines may have a deterrent effect, given Defendant's limited financial resources and work history, the United States does not recommend the imposition of a criminal fine in this case.

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

A sentence of 120 months is appropriate to protect the public from further crimes by him.

5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

A sentence of 120 months would provide Defendant with effective correctional treatment. Defendant could benefit from educational programming. *See* ECF 76, ¶ 64. Defendant will likely face immigration consequences upon release from custody and the United States joins in the Probation Office's recommendation of a special condition that Defendant be prohibited from returning to the United States without advance legal permission from the United States Attorney General or his designee.

## IV.     GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the Court impose a sentence of incarceration of 120 months followed by a term of supervised release of 5 years and no criminal

fine. Defendant must pay a $100 Special Penalty Assessment.

DATED this 11th day of July, 2025.

STEPHANIE VAN MARTER
Acting United States Attorney

s/Michael D. Murphy
MICHAEL D. MURPHY
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, and a copy was emailed to the counsel of record in this case.

s/ Michael D. Murphy
Michael D. Murphy
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
(509) 454-4425
Fax: (509) 249-3297